UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 13-066-DCR |
| V. | ) ) ) | |
| ROBERT EARL JONES, | ) ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Robert Earl Jones was sentenced on September 25, 2013, to a term of imprisonment of 96 months based upon his involvement in a conspiracy to distribute heroin in the Eastern District of Kentucky. [Record No. 98] Jones has now moved the Court to reduce his sentence under 18 U.S.C. § 3582(c) based on recent changes in the drug tables used to determine non-binding guideline ranges for incarceration applicable to certain federal drug offenses. [Record No. 136] For the reasons explained below, the relief requested is not appropriate. Therefore, Jones's motion will be denied.[1]

---

[1] The Court has also determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

The factual basis supporting Jones's guilty plea and conviction is contained in paragraph 3 of his written Plea Agreement. The statutory penalties are set out in paragraph 4 of that document and reflect Jones's prior felony drug conviction. The paragraph provides:

> 4. The Defendant has a final drug felony conviction as set forth in the notice filed by the United States pursuant to 21 U.S.C. § 851, and therefore the Defendant is subject to an enhanced statutory punishment. The statutory punishment for Count 1 is imprisonment for not less than 10 years nor more than life, a fine of not more than $8,000,000, and a term of supervised release of not less than 8 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the sentencing hearing.

[Record No. 96]

Jones faced a statutorily-required minimum term of imprisonment of 120 months based on his prior felony drug conviction. However, because of his cooperation with the United States, the Court reduced the total term of imprisonment by 24 months pursuant to United States Sentencing Guideline Section 5K1.1 and 18 U.S.C. § 3553(e). The recent changes in the United States Sentencing Guidelines would not affect this analysis. Then and now, the proper starting point for any reduction would begin from the mandatory minimum term of 120 months. Accordingly, it is hereby

**ORDERED** that Defendant Robert Earl Jones's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 136] is **DENIED**.

This 13th day of January, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge