UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 13-66-DCR |
| ) | |
| V. ) | |
| ) | |
| ROBERT EARL JONES, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 26, 2013, Robert Earl Jones pleaded guilty to conspiring to distribute more than 100 grams of heroin in violation of 21 U.S.C. §§ 846 and 841(a). [Record No. 67] Jones was sentenced to a total term of imprisonment of 96 months, followed by eight years of supervised release. [Record No. 98] On January 13, 2015, Jones filed a motion requesting a reduction of his sentence based on 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines, which the Court denied.[1] [Record Nos. 136, 137]

Jones has now filed a second motion requesting relief, which the Court construes as a motion for clarification and reconsideration. [Record No. 148] While Amendments 780 and

---

1   Although counsel has not been requested, the Court notes that there is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). A motion filed under 18 U.S.C. § 3582(c)(2) "does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether to appoint counsel. Here, the record and information possessed by the Court from the original sentencing is sufficient to consider a 18 U.S.C. § 3582(c)(2) motion. Therefore, appointment of counsel would be unnecessary and a waste of resources.

- 1 -

788 of the Sentencing Guidelines indicate that Jones qualifies for a two-level reduction, the Court still finds that a reduction of his sentence would be wholly inappropriate under the facts presented.

The facts supporting Jones' guilty plea are outlined in paragraph three of his Plea Agreement:

> (a) On March 14, 2013, Detective Jared Curtsinger with the Lexington Police Department set out to execute search warrants that he had obtained for the Defendant's residence, car, and his person. Detective Curtsinger located the Defendant and detained him. The Defendant admitted that he had one ounce of heroin in his pocket. The Defendant was charged with the state offense of Trafficking in a Controlled Substance 1st Degree (Heroin). The Defendant also had in his possession $1,380.00 cash and two cell phones. Lab testing confirmed that the suspected heroin was 27.88 grams of heroin.
>
> (b) The search warrant of the Defendant's home revealed approximately five grams of heroin, located in a plastic coffee container in the kitchen. Lab testing later revealed that it was 3.82 grams of heroin. Also found inside the container were plastic sandwich bags with heroin residue and a plastic spoon with heroin residue. Inside the same kitchen cabinet, officers located a set of digital scales and an unopened box of Dormin sleeping aid pills. A search of the Defendant's bedroom closet revealed a small lock box that contained $7,000.00 cash.
>
> (c) Officers obtained a search warrant for co-defendant Adams' apartment. Surveillance units at the apartment complex advised detectives that a large male subject had arrived in a rental van, and had parked in front of Adams' apartment building. Detective Curtsinger arrived and recognized this subject as Jackson. Jackson was detained while officers proceeded to execute the search warrant. He consented to a search of his person. Officers located $4,306.00 cash in his pockets.
>
> (d) Pursuant to the search of Adams' apartment, officers located and seized approximately 4 and ½ ounces of heroin, $9,341.00 cash, cutting agents in powder form, and 72 full bottles of Dormin sleeping aid pills. Most of the heroin was kept in a black zipper bag that was located on the bathroom floor. Lab testing confirmed that the suspected heroin was 134.02 grams of heroin.

(e) The total amount of heroin recovered was 165.72 grams, or approximately 5.8 ounces.

Jones was responsible for conspiring to distribute 165.72 grams of heroin. Under the 2012 edition of the guideline manual, this constituted a Base Offense Level of 26. [Presentence Investigation Report, "PSR," p. 5] Jones received a three-level reduction for acceptance of responsibility, resulting in a Total Offense Level of 23. [*Id.*, p. 6] With a Criminal History Category of VI, the guideline imprisonment range was 92 to 115 months. [*Id.*, p. 18]

However, the statutory minimum for an offense under 21 U.S.C. § 841(b)(1)(B) was 120 months. As a result, 120 months was the starting point for determining Jones' sentence. In addition, the Government moved for a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), which the Court granted. [Record Nos. 97, 98] Thus, the defendant was sentenced below the mandatory minimum.[2]

Under U.S.S.G. § 5G1.1(b), "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." However, the 2014 edition of the guideline manual was amended to include the following Policy Statement in § 1B1.10:

(b) Determination of Reduction in Term of Imprisonment. –

> (1) In General. -- In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such

---

2   Jones is currently scheduled to be released from incarceration on June 13, 2020. *See* http://www.bop.gov/inmateloc/ (last checked October 16, 2015).

> determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
> ※※ ※※ ※※
>
> (c) Cases Involving Mandatory Minimum Sentences and Substantial Assistance.—If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement and amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).
>
> (d) Covered Amendments. – Amendments covered b this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1)).
>
> (e) Special Instruction.—
> > (1) The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later.

U.S.S.G. § 1B1.10(b)–(e) (2014). This section of the guidelines may be considered in connection with the defendant's current motion by virtue of Amendments 780 and 788.

Based on the foregoing, the Court has the ability to reduce Jones' sentence below 96 months.[3] In addressing the question of whether a further reduction is appropriate, the Court considers, *inter alia*, the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance of responsibility and cooperation, specific and

---

3   The relevant drug quantity table was reduced by two levels. *See* U.S.S.G. App. C., amend. No. 782, U.S.S.G. § 1B1.10, p.s. (eff. Nov. 1, 2014). As a result, Jones' re-calculated Total Offense Level is 21, indicating that his non-binding guideline range under the 2014 amendments would be 77 to 96 months.

general deterrence, and the need to protect the public from potential, future crimes of Jones. 18 U.S.C. § 3553(a). Here, granting a reduced sentence would be inappropriate under the facts presented. As summarized above, Jones committed a very serious crime. But for his substantial cooperation, he would have faced a minimum term of imprisonment of ten years. Congress has properly recognized the seriousness of offenses such as those committed by Jones and his codefendants. And the seriousness of the offense of conviction is an important factor to be considered under 18 U.S.C. § 3553(a). Based on this factor, a reduced sentence would not be appropriate but would, instead, *diminish* the seriousness of the offense.

Likewise, the defendant's history and characteristics do not support a sentence reduction. "[Jones] has essentially made a life of crime and spent the majority of his life behind bars or, otherwise, on some form of supervision." [PSR, p. 24] He has been convicted of involuntary manslaughter, third degree sexual abuse, twice of aggravated assault, six times of theft, and five times of drug-related crimes. [*Id.*, pp. 6–13] After his parole but prior to the present offense, his daughter thought "this time" would be different. [*Id.*, p. 15] Jones must be held accountable for his continued criminal behavior. Further, in the opinion of the undersigned, his admitted history of drug addiction presents a danger to the public and an increased likelihood of recidivism. [*Id.*, p. 16] Thus, a 96-month term of imprisonment is needed to protect the public and provide necessary deterrence regarding future offenses.

While the Court has considered mitigating factors, such as the defendant's difficult childhood and mental health issues, these are more appropriately addressed in tailoring treatment conditions rather than in reducing his culpability. [PSR, pp. 14, 16, 24] The Court

has also considered the high costs of incarceration but finds that the expenses that would be saved by reducing the defendant's sentence do not outweigh the other sentencing factors outlined above. In summary, after again reviewing the relevant § 3553 factors and Jones' post-sentencing conduct,[4] the Court concludes that a minimum term of 96 months is necessary and appropriate under the circumstances. Accordingly, it is hereby

**ORDERED** that: Defendant Jones' motion for clarification [Record No. 148] is **GRANTED** to the extent that the Court has reconsidered its earlier Memorandum Opinion and Order [Record No. 137], but the requested reduction of his sentence is **DENIED**.

This 19th day of October, 2015.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge

---

[4] The Court is not required to consider post-conviction conduct when considering Jones' request. *See* USGG § 1B1.10, comment. (n.1(B)(iii)) (when considering whether to grant a § 3582(c)(2) sentence reduction, a district court "*may* consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment") (emphasis added). However, the information provided by Jones would not alter the conclusion that a sentence reduction is not appropriate under the facts presented.