UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 13-066-DCR |
| | ) | and |
| V. | ) | Civil Action No. 5: 19-278-DCR |
| | ) | |
| ROBERT EARL JONES, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Movant/Defendant Robert Earl Jones pleaded guilty to conspiring to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846. [Record No. 67] He was sentenced to a term of imprisonment of 96 months and 8 years of supervised release on September 25, 2013. [Record No. 98] Jones did not appeal his conviction or sentence. However, on July 5, 2019, Jones filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, asserting that his counsel was ineffective, his plea was involuntary, the Court erred in enhancing his sentence, and that his sentence exceeded the mandatory maximum allowed. [Record No. 162] The United States replied to Jones' motion and asserted that his petition was untimely. [Record No. 167] United States Magistrate Judge Edward B. Atkins directed Jones to reply to the United States' response in opposition. [Record No. 168] No reply was filed.

Consistent with local practice, this matter was referred to Magistrate Judge Atkins for initial review and a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge

Atkins reviewed the record and recommended that Jones' motion be denied as untimely. [Record No. 169] Jones has not filed timely objections.

Although the Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, the Court has examined the record and, having conducted a *de novo* review of the matter, agrees with Magistrate Judge Atkins that Jones' petition is untimely and no ground for equitable tolling applies.

There is a one-year limitations period from the date of which a conviction became final for petitioners to file a motion under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f)(1). A conviction becomes final when the time for direct review has passed. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012). Jones could have filed a notice of appeal within 14 days from the entry of his judgment. Fed. R. App. P. 4(b)(1)(A). His conviction became final on October 9, 2013, but he waited more than 5 years (until July 5, 2019) to file a habeas petition.

The statute of limitations can be equitably tolled if a petitioner can show "(1) he has been pursuing his rights diligently, and that (2) some extraordinary circumstance stood in his way and prevented timely filing." *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013)

(quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The second element of the equitable tolling is satisfied "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe v. United States,* 136 S. Ct. 750, 756 (2016). Jones must demonstrate that equitable tolling applies. *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003).

> In response to the question about the timeliness of his habeas petition, Jones stated that:
>
> 28 USC § 2255(a) gives the Petitioner the means to seek relief under section (a) because, section 2255(a) is divorced from paragraph six (6) of 28 USC § 2255. Further, the Petitioner states jurisdiction claims may not be defaulted or waived, a defendant need not show cause to justify his failure to raise such a claim. Due process and the right to counsel are Constitutional protections guaranteed by the [United States] Constitution when those protections have been violated. Petitioner has the right to be heard. It is for the afore stated (sic) facts that the Petitioner should be granted leave to proceed with this notion.

[Record No. 162, p. 12] This is a misunderstanding of the law and fails to address whether he has been diligently pursuing his rights or give any indication of an extraordinary circumstance that would prevent timely filing. Further, Jones was placed on notice of the timeliness issue and the Court gave him the opportunity to address the timeliness of his petition in a reply. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). However, Jones chose not to file a reply and has not filed any timely objections to Magistrate Judge Atkins' recommended disposition. Simply put, Jones' habeas petition is untimely and he has not met his burden to demonstrate that equitable tolling applies.

Finally, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on a procedural ruling, the defendant must demonstrate that reasonable jurists would

find it debatable whether the district court was correct in its ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not find this Court's procedural finding fairly debatable. Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's recommended disposition [Record No. 169] is **ADOPTED** and **INCORPORATED** by reference.

2. Movant/Defendant Robert Earl Jones' motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 162] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

3. A Certificate of Appealability shall not issue.

Dated: September 25, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky