UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 13-066-DCR |
| V. | ) | |
| ROBERT EARL JONES, | ) | **MEMORANDUM ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Robert Earl Jones has filed a *pro se* motion for reconsideration of his sentence. The motion is memorialized in two hand-written documents, one filed in the record and one submitted to chambers.[1] [*See* Record No. 184.] The Court recently sentenced Jones to an eight-month term of incarceration for violating his conditions of supervised release. [Record No. 183] However, he now asks the Court to reconsider his confinement based on his susceptibility to COVID-19 and perceived inability to avoid infection in the prison environment.

Jones pleaded guilty to conspiring to distribute a large quantity of heroin on June 26, 2013. [Record No. 67] Thereafter, he was sentenced to eight years of incarceration, to be followed by eight years of supervised release. [Record No. 98] In relevant part, the term of supervised release was conditional upon Jones not "commit[ing] another federal, state or local crime." [*Id.* at p. 3] Jones began his term of supervised release in early 2020. On November

---

[1]  Jones's letter, dated December 20, 2020, was not filed with the Clerk, but it will be docketed upon entry of this Order. References to it will be styled as: [Letter, p. 1].

-1-

15, 2020, Jones reported to his probation officer that he had been arrested for assault in the fourth degree under Kentucky law. The arrest stemmed from a domestic dispute, during which he allegedly struck his partner in the face.

Jones did not contest the allegations. However, during allocution, he argued that a term of incarceration was unwarranted for a number of reasons. Jones contended that his health conditions made him particularly susceptible to severe COVID-19 infection, and a term of incarceration might increase the likelihood of infection. Rejecting this argument, the undersigned determined that a term of incarceration was necessary because home confinement (Jones's suggested punishment) would place him back in the same turbulent domestic situation which led to his arrest. Further, to protect the victim from further violence and after considering all relevant factors, the Court found that a term of incarceration was warranted.

Jones suggests that his situation has changed. He contends that he is more susceptible to COVID-19 infection because he was recently prescribed medication for an upper respiratory infection. [Letter, p. 1] In his motion, dated eight days after the letter, Jones claims that he is being housed in a cell with four inmates who have tested positive for COVID-19. [Record No. 184, p. 2] The motion also outlines the medical conditions previously considered by the Court that allegedly increase Jones' risk of severe infection. [*Id.*]

There are several problems with Jones's motion. First, the Federal Rules of Criminal Procedure do not contemplate motions for reconsideration of a final judgment. *See United States v. Hart*, No. 5:07-23-JMH, 2008 WL 251986, at *1 (E.D. Ky. Jan. 29, 2008). Rule 33 allows the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." However, "there is some question as to whether Rule 33 is available for a sentence given for a supervised release violation." *United States v. Welch*, 160 F. Supp. 2d 830, 832–

-2-

33 (N.D. Ohio 2001) (citing *United States v. Yancey*, 100 F.Supp.2d 378, 380 (E.D.Va.2000) (explaining that "[a] hearing on supervised release is simply a hearing" rather than a "formal trial")).

Another problem is that Jones does not satisfy the requirements for relief under Rule 33. The rule provides that a motion may be "grounded on newly discovered evidence" or "any reason other than newly discovered evidence," provided that a motion based on the latter, more general grounds is filed within fourteen days of the entry of the judgment. Fed. R. Crim. P. 33(b)(1) and (2). Here, the bulk of Jones's assertions concern evidence that the Court considered at the hearing. [*See* Record No. 182.] The only new development Jones identifies is his recent treatment for a respiratory infection. But "[n]ewly discovered evidence must pertain to facts which *existed at the time of trial*, not later events." *Welch*, 160 F. Supp. 2d at 833 (emphasis added) (citing *Davis v. Jellico Community Hosp., Inc.*, 912 F.2d 129, 135 (6th Cir.1990)). Jones states that his respiratory infection was diagnosed and treated following the revocation hearing. [Letter, p. 1] Further, he makes no argument that release is required to serve the interests of justice. And even if he had, the Court's authority to grant relief on this ground alone is "[l]ess clear." *United States v. Munoz*, 605 F.3d 359, 374 (6th Cir. 2010).

In summary, Jones argues that a circumstance contemplated by the Court at sentencing either has now occurred or is more likely to occur. This is not a ground for reconsideration under any standard. And to the extent reconsideration is available, neither his proximity to COVID-19-positive inmates nor his recent illness constitute new evidence.

Accordingly, it is hereby

**ORDERED** as follows:

1. The defendant's letter, which the Court construes as a motion for reconsideration, is **DENIED**.

2. The Clerk of Court is directed to file a copy of the defendant's letter in the record.

3. The defendant's separately filed motion for reconsideration [Record No. 184] is **DENIED**.

Dated:  January 6, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky