UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 13-066-DCR |
| V. | ) ) | |
| ROBERT EARL JONES, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In July of this year, Defendant Robert Earl Jones violated conditions of supervised release previously imposed and was sentenced to a 12-month term of incarceration. This was not the first time he had violated supervised release. However, on November 8th, he moved the Court to alter the term of incarceration to allow him to serve the remaining period on home confinement. [Record No. 224] And it was not the first time that he has asked to be placed on home confinement as an alternative to imprisonment based on medical conditions and the risks posed by incarceration. The current motion will be denied for the reasons explained below.

Jones conspired to distribute over 165 grams of heroin in March 2013. Following indictment by a federal grand jury, he entered a guilty plea to one count of a four-count indictment. Although he faced a mandatory-minimum term of ten years imprisonment for his conduct, Jones was sentenced 96 months' imprisonment pursuant to 18 U.S.C. §3553(e). [Record No. 91]

-1-

Jones was released to begin service of an eight-year term of supervised release on April 17, 2020.[1] However, approximately seven months later, he assaulted his fiancé by punching her in the face and throwing her across a room. Jones stipulated to the violation of supervision and was sentence to an additional eight-month term of incarceration on December 15, 2020. Jones later asked the Court to reconsider the period of incarceration for the violation and, instead, impose a term of home confinement based on his susceptibility to the COVID-19 virus and a perceived inability to avoid infection while in prison. [Record No. 184] That motion was denied. [Record No. 185]

As the Court explained during the final hearing regarding Jones's violation of supervision, and again with respect to his request for reconsideration, home incarceration was insufficient and inappropriate considering the defendant's conduct. Further, the Federal Rules of Criminal Procedure "do not contemplate motions for reconsideration of a final judgment (citations omitted)." [*See* Record No. 185, pp. 2-3.] And notwithstanding that procedural hurdle, reconsideration is not appropriate where no new evidence is submitted in support of the request. [*Id*. at 3]

In rejecting Jones's earlier request for home detention, the Court noted in summary:

> Jones argues that a circumstance contemplated by the Court at sentencing either has now occurred or is more likely to occur. That is not a ground for reconsideration under any standard. And to the extent reconsideration is

---

[1] Jones had a total of 15 criminal history points at the time of sentencing based on prior convictions for theft, trafficking in controlled substances, possession of controlled substances. In addition, he had multiple convictions which did not result in criminal points being assessed under the United States Sentencing Guidelines. These uncounted convictions included offenses involving disorderly conduct, involuntary manslaughter, sexual abuse, aggravated menacing, receiving stolen property, possession of illegal drugs, loitering to obtain controlled substances, receiving stolen property, multiple convictions for aggravated assault, and multiple convictions for theft. [Presentence Investigation Report at ¶¶ 28-49]

available, neither his proximity to COVID-19 positive inmates nor his recent illness constitute new evidence.

[*Id.*]

Jones was again released from custody on July 30, 2021, to begin a six-year term of supervision. During this period of supervision, Jones received a lung transplant for ongoing medical problems. He was able to avoid further violations of the conditions of supervision until January 2024, when he committed an alcohol violation.[2] However, Jones's supervising United States Probation Officer requested that no action be taken for the Grade C violation. Instead, the officer advised that continuing counseling, and increased supervision and substance abuse testing would be undertaken. The recommendation was approved but the additional action taken by the probation officer was not effective in avoiding further violations.

On May 31, 2024, Jones was arrested and charged with, *inter alia*, operating a motor vehicle under the influence of alcohol. He plead guilty to the state charges on July 11, 2024. Jones stipulated the following day to the corresponding violations of the conditions of supervised release before this Court and received a time-served sentence with six years of supervised release to follow. In addressing the violations, the Court fully considered the nature of Jones' violations as well as the positive stride he had made, together with his medical status. Once again, Jones did not take advantage of the lenient penalty imposed.

Despite placement in an intensive outpatient substance abuse treatment program, Jones tested positive on July 15, 2024, for using cocaine. While he initially admitted to use of the

---

[2] The violation report submitted by the United States Probation Officer on January 2, 2024, noted that Jones had received a lung transplant and medical rehabilitation prior to the reported violation. [Record No. 205] The Court was fully aware of the defendant's medical condition and related issues in resolving the alcohol and later violations of supervision.

substance (expressing a desire to be "honest and acknowledging his mistake"), Jones changed direction when confronted by the probation officer, indicating that someone had attempted to harm him by "dosing" his food or drink with the substance.  However, during the final hearing on the violation held on August 26, 2024, a contrite but nonetheless angry Jones admitted to violating his conditions of supervision by intentionally using cocaine.  [Record No. 221]  This time, his term of supervised release was revoked and Jones was sentenced to 12 months incarceration, to be followed by six years of supervised release.[3]

Jones did not appeal his most recent revocation of supervision or the penalty imposed for his violations.  However, through a motion and accompanying letter dated November 3, 2024, Jones asks the Court to amend the August 26th judgment and place him on home confinement.  [Record No. 224]  In support, he relies upon his perilous medical condition following his lung transplant occurring in May 2023.  According to Jones, his immune system is vulnerable to a "host of viral and bacterial infections" any of which could be life-threatening in light of his incarceration status.  He further contends that he has missed two months infusion appointments due to scheduling issues which exacerbates his concerns.

Jones's concerns are supported by a letter from Naureen Narula, M.D., an Assistant Professor of Lung Transplant, Department of Cardiothoracic Surgery, University of Kentucky. [Record No. 224-1] However, a clinical evaluation dated September 24, 2024, does not

---

[3] Based on a Grade B violation and Criminal History Category of VI, Jones nonbinding range for incarceration under the policy statement contained in Chapter 7 of the United States Sentencing Guidelines was 21 to 27 months.  However, the Court again considered the mitigating factors presented by the defendant during the hearing, including his medical condition, in determining that a 12-month sentence would be sufficient when considering all relevant sentencing factors.

indicate any present respiratory, cardiovascular, or other serious health problems. Instead, the evaluation indicates that an IVIG infusion was scheduled for that date and that Jones is eating and drinking well, exercising regularly, and making appropriate dietary changes. [*Id.*] In short, while Jones has the same concerns which were present and considered during his most recent hearing, those concerns have not resulted in a diminished medical condition.

The Court will not repeat several grounds which were given in rejecting Jones's earlier motion for home confinement in connection with the sentence imposed by his violation of supervised release in 2020. [Record No. 185] Those same reasons apply with respect to the present request and are incorporated here.

In addition to the reasons outlined in the Memorandum Order dated January 6, 2021 [Record No. 185], the undersigned considers, but rejects, Jones's request as one for compassionate release under 18 U.S.C. § 3582(c). Generally, a district court may not modify a defendant's term of imprisonment after it has been imposed. 18 U.S.C. § 3582(c); *United States v. Houston*, 529 F.3d 743, 748-49 (6th Cir. 2008). However, there is an exception to this general rule for compassionate release, which allows a district court to reduce a defendant's sentence if it finds that extraordinary and compelling reasons warrant a sentence reduction, that the relevant sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor reducing the sentence, and that such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

In this case, the Court will assume that there are significant health risks associated with Jones's 2023 bilateral lung transplant which are increased by his current custodial status. However, currently, there are no ongoing outbreaks of infectious diseases or ongoing public

health emergencies.  But more importantly, the relevant sentencing factors of 18 U.S.C. § 2553(a) do not support the relief sought.  As outlined above, Jones' criminal history indicates a substantial likelihood that he will continue to violate conditions of supervision and present a danger to himself and others if he is not incarcerated.  The effect of serving the remainder of the 12-month sentence may provide minimal deterrence to others similarly situated, but the undersigned believes it will provide substantial deterrence to Jones when he is again released from incarceration.  To this point, Jones has received lenient treatment on several occasions from this Court (*i.e.*, a reduced term of incarceration for his original conviction, not revoking Jones for earlier violations of supervision or imposing a time-served sentence for another) and from several state courts.  But that has not changed his proclivities.  Further, substance abuse treatment has not been successful to this point and the defendant has not been as honest or forthcoming as he portrays.

The Court acknowledges that Jones has shown improvement *at times* but he has much work to do if he hopes to avoid future incarceration.  The sentence of 12 months incarceration with additional supervision to follow for the defendant's most recent violations was the least penalty appropriate under the circumstances presented and this determination included the Jones's medical condition.  The Court's earlier analysis has not changed.

Accordingly, it is hereby

**ORDERED** that Defendant Robert Jones's motion for home confinement is **DENIED**.

Dated: November 11, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky